[No. 2946.  Decided May 19, 1898.]

OTTO BRINGGOLD, *Appellant*, v. CITY OF SPOKANE *et al.*, *Respondents.*

COSTS — WHAT ITEMS PROPER — RETAXATION — TIME FOR MOTION — WRIT OF REVIEW.

Where, in a judgment for costs in favor of the prevailing party, the costs are taxed in blank, the failure of the losing party to move for retaxation within ten days after entry of judgment will not constitute a waiver of the right to retaxation.

Stenographers' fees for attendance at court and transcribing testimony cannot be taxed against the losing party.

The office of a writ of review being to enforce the judgment which should have been rendered by the lower tribunal, where the lower tribunal has no jurisdiction to adjudge costs the superior court would be without jurisdiction to enter judgment for the costs incurred before such lower tribunal.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*W. A. Lewis*, for appellant.

*A. G. Avery*, for respondents:

In *certiorari* proceedings no costs are allowed unless expressly provided by statute. *People v. Board of Police,* 39 N. Y. 506; *Commonwealth v. Ellis,* 11 Mass. 465; *People v. McDonald,* 69 N. Y. 362; *Baldwin v. Wheaton,* 12 Wend. 262; *Berry v. Lowe,* 10 Mich. 9.

The opinion of the court was delivered by

DUNBAR, J.—This action was originally brought before the board of police commissioners of the city of Spokane, seeking to remove the appellant, Otto Bringgold, from his position as police officer of said city. Trial was had before the aforesaid board, and judgment therein rendered against the appellant, removing him from his position as police officer of the city of Spokane. Thereafter the appellant caused a writ of review of the superior court of the state of Washington to issue to the board of police commissioners, and upon the return of the police commissioners to the said writ and the record in the cause, a trial was had in the superior court and judgment was therein rendered restoring Bringgold to all the rights, duties, privileges, salary and emoluments of the said office as police officer of the city of Spokane; and the judgment provided that Bringgold recover of the defendants his costs and disbursements in his behalf expended, taxed by the clerk of the court at " $  . . ." This judgment was duly filed and entered in the office of the clerk of the said superior court, on the 19th day of June, 1897. On the 21st day of June, the appellant filed in the office of the clerk of the superior court his cost bill, and included in said cost bill the costs of the said superior court, and also the costs of the original trial before the board of police commissioners. On the 16th day of July the respondents filed a motion in the office of the clerk of the said superior court to retax the costs, and on the 25th day of September the motion to retax costs was heard. The court

sustained the motion by striking from the cost bill all of the costs of the trial of the case before the board of police commissioners, and limited the costs on the retaxation thereof to the costs incurred in the superior court, and from this order of the court sustaining the motion to retax costs this appeal is taken.

It is claimed by the appellant that the time which the law allows for retaxing the costs, viz., ten days, had expired before the motion to retax was made, and that, consequently, the respondent had waived any right that it had to retax the costs. The record, however, shows that the costs were taxed in blank. The appellant claims that this is in accordance with the custom and rules of the superior courts of this state. But no custom or rule of a superior court would warrant the perpetration of an injustice of this kind. The respondents would have a right to presume that only the legal costs would be taxed, and would have no notice whatever of the fact that the costs of a lower tribunal were to be included in the cost bill. The fact is, as shown by the record, that as soon as the costs objected to were inserted, the motion for the retaxation thereof was duly made. It is contended by the respondents that no provision having been made by our statute for the taxation of costs in *certiorari* cases, and costs being entirely statutory, no costs at all should be allowed in this case. The sum of $22, however, was allowed by the lower court as costs in the superior court. No move was made against that amount by the respondents. Consequently the question of those costs is not properly at issue here and we will not determine it. The cost bill filed includes the following items:

" Paid for typewriting, 500 folios, copies served....$50
Paid stenographer, 5 days' service............. 50
Paid transcribing testimony for board.......... 25 "

We have repeatedly held that stenographers' and kindred fees cannot be taxed against the losing party, so that in any event the costs above enumerated could not have been allowed.

But we think the undisputed rule of law is that the office of a writ of review is to enforce the judgment which should have been rendered by the lower tribunal. It is conceded that the police commission had no jurisdiction to adjudge costs in the proceedings which were had before it. That being true, the superior court was without jurisdiction upon the review to enter a judgment for the costs incurred in the trial before the police commissioners. Its jurisdiction could only go to the extent of rendering the judgment that should have been rendered by the lower tribunal.

The court committed no error in retaxing the costs and its judgment will therefore be affirmed.

Scott, C. J., and Anders, Gordon and Reavis, JJ., concur.