[No. 4957-1-II.   Division Two.   November 19, 1982.]

BAY INDUSTRY, INC., *Appellant,* v. JEFFERSON
COUNTY, ET AL, *Respondents.*

*David V. Johnson,* for appellant.

*William E. Howard, Prosecuting Attorney,* and *John F. Raymond, Deputy,* for respondents.

WORSWICK, J.—Bay Industry, Inc., appeals a judgment of the Jefferson County Superior Court which affirmed a decision by the Board of County Commissioners vacating a county road. The vacation proceedings were initiated by a petition to the Board purportedly signed by 10 freeholders. Appellant contends that the petition had insufficient freeholder signatures, that the Board's action was arbitrary and capricious and that Board–imposed conditions for vacating the road violated appellant's constitutional right to equal protection of the law. We reverse, holding that one of the Board's conditions for vacating the road did violate appellant's right to equal protection.

On March 20, 1979, five married couples, whose land abuts the Lone Star Ranch Road, a county road, petitioned the Board to vacate it. Appellant, another abutting landowner,[1] opposed the petition. After a hearing, the Board voted to vacate the road on condition that petitioners grant easements along the road to the power company, the fire department, and each other. Petitioners were not required to grant appellant an easement. Appellant appealed to superior court by writ of certiorari.

Because superior court review was by writ of certio-

---

[1] Respondent claims that appellant is not an abutting landowner because the Lone Star Ranch Road terminates at appellant's property line. We disagree. Property abuts a street when there is no intervening land between it and the street. *Kemp v. Seattle,* 149 Wash. 197, 270 P. 431 (1928). Clearly, no land intervenes between appellant's property and the Lone Star Ranch Road.

rari, RCW 7.16.120, the court was limited to review of the record before the Board and to a determination of whether the Board's action was arbitrary and capricious or contrary to law. *Andrew v. King Cy.,* 21 Wn. App. 566, 586 P.2d 509 (1978). We conduct the same review, but de novo. *Anderson v. Island Cy.,* 81 Wn.2d 312, 501 P.2d 594 (1972).

RCW 36.87.020 requires a road vacation petition to be signed by 10 freeholders residing in the vicinity of the road. Appellant contends that only 5 freeholders signed the petition, because each married couple constitutes only 1 freeholder. We disagree. A freeholder is one who holds either legal or equitable title to real estate. *Daniels v. Fossas,* 152 Wash. 516, 278 P. 412 (1929). Each spouse owns an undivided one–half interest in the whole community real estate and the community does not own property as a separate entity. *deElche v. Jacobsen,* 95 Wn.2d 237, 622 P.2d 835 (1980). Therefore, we hold that each spouse in a marital community is a freeholder with reference to community owned real estate. The freeholder requirement of the statute was satisfied here.

RCW 36.87.060 provides:

> If the . . . road is found useful *as a part of the county road system* it shall not be vacated, but if it is not useful and the public will be benefited by the vacation, the board may vacate the road . . .

(Italics ours.) Appellant contends that, because of a ravine crossing its property, the road provides the only feasible access to 30 of its 40 acres; thus, the Board was arbitrary and capricious in finding that the road is not useful. We disagree. The road was only one–half mile long, had not been maintained by the county since the 1950's and did not comply with county width standards. It was used only by the abutting landowners. Vacating the road did not landlock appellant because it had access, albeit difficult, by another county road. The statutory test is not whether the road is of use to anyone, but whether it is useful as part of the county system. The public to be benefited included all taxpayers of the county, who deserve to be relieved of the

burden of maintaining a road of such limited utility. Under the circumstances, we cannot say that the Board's determination to vacate this road was arbitrary and capricious.

Finally, appellant contends that the Board's conditions for vacating the road violated its right to equal protection of the law because it was treated differently from all others in what should have been the same class—the abutting landowners.[2] We agree.

■ The rational relation test applies to the Board's action here.[3] Under that test, in the context presented here, conditions imposed by the Board must meet two requirements: (1) they must apply alike to all members within the designated class; and (2) a reasonable ground must exist for distinguishing between those within the class and those outside it. *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979); *Belancsik v. Overlake Mem. Hosp.*, 80 Wn.2d 111, 492 P.2d 219 (1971). The condition in question prescribed that "an easement for ingress and egress shall be secured by each petitioner to each and every other petitioner requiring access through their property to County Road No. 18–3.50." "Petitioners" purported to be the designated class, and the condition applied alike to all members. However, no reasonable

---

[2]Appellant also argues that the conditions violated due process. This argument misconstrues the basic nature of due process. While it is, in a sense, protection against arbitrary action by the State, the essential elements of procedural due process are notice and an opportunity to be heard or defend before a competent tribunal. *See Senior Citizens League v. Department of Social Sec.*, 38 Wn.2d 142, 228 P.2d 478 (1951); *Systems Amusement, Inc. v. State*, 7 Wn. App. 516, 500 P.2d 1253 (1972). If a party has its day in court, it has not been deprived of due process. *State v. Cater's Motor Freight Sys., Inc.*, 27 Wn.2d 661, 179 P.2d 496 (1947); *Systems Amusement, Inc.*, 7 Wn. App. at 518. Appellant had its day in court.

[3]Two tests are used to measure classifications alleged to violate equal protection: the strict scrutiny test and the rational relation test. *State v. Smith*, 93 Wn.2d 329, 610 P.2d 869 (1980); *Nielsen v. Washington State Bar Ass'n*, 90 Wn.2d 818, 585 P.2d 1191 (1978). The rational relation test is used unless the government infringes upon a fundamental right or creates a suspect classification. *Smith*, 93 Wn.2d at 336; *Brewer v. Copeland*, 86 Wn.2d 58, 542 P.2d 445 (1975). No fundamental right or suspect classification is involved here.

ground existed for distinguishing between the petitioners and appellant. It was not reasonable to deny appellant an easement simply because it failed to petition the Board to vacate the road. Nor did the property rights of the respective parties provide a reasonable ground for distinction. All owned property abutted on the road. All also had access to their property by County Road No. 18–3.50. There was no legitimate reason for distinguishing between those who received an easement and the one who did not. The Board's action was fatally flawed by this violation of the equal protection requirement.

Reversed.

REED, C.J., and PETRICH, J., concur.