869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcia HOLLINGER, Plaintiff-Appellant,
v.
CUYAHOGA COUNTY, Virgil Brown, President of County
Commissioners; Cuyahoga County Welfare Department, Marjorie
Hall-Ellis, Director; Virgil Brown; Vincent Campanella,
Cuyahoga County Commissioner; Timothy Hagan, Cuyahoga
County Commissioner; Marjorie Hall-Ellis, Director;
Cuyahoga County Welfare Department; Louis J. Cipalla,
Personnel Officer, Cuyahoga County Welfare Department,
Defendants-Appellees.
 No. 88-3618.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Marcia Hollinger appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983 in which she alleged that she was fired from her job without due process. Plaintiff sought, inter alia, attorney's fees pursuant to 42 U.S.C. Sec. 1988. While this action was pending in the district court, the Ohio Court of Appeals to which plaintiff had appealed her firing entered judgment in her favor. Thereafter, plaintiff was reinstated to her job and was awarded back pay.
 
 
 4
 The district court concluded that plaintiff's remaining claims were barred pursuant to this court's ruling in Campbell v. City of Allen Park, 829 F.2d 576 (6th Cir.1987) (citing Punton v. City of Seattle, 805 F.2d 1378 (9th Cir.1986), cert. denied, 107 S.Ct. 1954 (1987)). Upon consideration, we conclude that summary judgment for defendants was proper. This case falls within the parameters of this court's ruling in Campbell. Therefore, plaintiff's remaining claims are barred under the doctrine of res judicata by virtue of the collateral state court judgment. See Campbell, 829 F.2d at 578-80.
 
 
 5
 Accordingly, the judgment of the district court is affirmed Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation