**Robert HAPHEY and Carl J. Bondietti, Plaintiffs,**

v.

**LINN COUNTY, Linn County Sheriff's Office, and Sheriff Art Martinak, acting in his official and individual capacity, Defendants.**

**Civ. No. 89–598–FR.**

United States District Court, D. Oregon.

Feb. 9, 1990.

Robert D. Durham, Barbara J. Diamond, Bennett & Durham, Portland, Or., for plaintiffs.

David A. Ernst, Douglas R. Andres, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matters before the court are:

1) the motion for summary judgment and to dismiss of defendants, Linn County, Linn County Sheriff's Office, and Sheriff Art Martinak (# 13); and

2) the motion for partial summary judgment of plaintiffs, Robert Haphey and Carl J. Bondietti (# 23).

Haphey and Bondietti are former deputy sheriffs of Linn County, Oregon. Haphey and Bondietti allege that the defendants violated their civil rights under 42 U.S.C. § 1983 and breached their contract of employment by failing to recall or rehire them for positions which became available after they were laid off.

## UNDISPUTED FACTS

Haphey and Bondietti were employed by Linn County, Oregon as deputy sheriffs. Both were laid off in May, 1986. Haphey had been employed by Linn County approximately thirteen years and had attained the rank of corporal when he was laid off. Bondietti had been employed approximately seven years when he was laid off. After they were laid off, Haphey and Bondietti applied for recall by submitting letters to the sheriff in October of 1986. Haphey and Bondietti submitted updated applications for employment in January, 1988.

At the time of their layoff, the sheriff of Linn County was Kenneth Goin. Sheriff Goin retired as of April 1, 1987 and was replaced by Martinak, who had formerly served as undersheriff. Between May 31, 1986 and April 1, 1987, Sheriff Goin hired or rehired individuals into nine different positions. From June 11, 1987 through the Fall of 1988, Sheriff Martinak hired more than a dozen deputies.

On November 25, 1987, Haphey and Bondietti filed a claim of unfair labor practices with the Oregon State Employment Rela-

tions Board (ERB), alleging that the defendants had unlawfully refused to recall them because of their union activities. On May 31, 1989, after the hearing in the ERB proceeding but before the decision of the ERB, Haphey and Bondietti filed this action. The complaint in this action contains a claim for relief under 42 U.S.C. § 1983 and a pendent state law claim for breach of contract.

On September 11, 1989, the ERB issued its decision, ruling that: 1) the complaint was untimely as to the allegedly discriminatory failure of Sheriff Martinak to recall Haphey and Bondietti; 2) the complaint was timely as to the allegedly discriminatory failure to hire Haphey and Bondietti; 3) Sheriff Martinak violated O.R.S. 243.-672(1)(c) by refusing to hire Haphey and Bondietti because they engaged in activities protected by O.R.S. 243.662; 4) Sheriff Martinak's refusal to hire Haphey and Bondietti did not violate O.R.S. 243.672(1)(b); and 5) since the sheriff, and not Linn County, is responsible for the employment decisions made by the Linn County Sheriff's Office, Linn County was dismissed as a respondent.

The ERB did not decide whether Haphey and Bondietti were "public employees" within the terms of O.R.S. 243.672(1)(a), since relief was granted under subsection (1)(c).[1] The ERB ordered that Sheriff Martinak offer Haphey and Bondietti reinstatement and back pay from January 25, 1988. The ERB also assessed a civil penalty of $500 against Sheriff Martinak. In a later order, the ERB granted attorney fees of $6,500 to Haphey and Bondietti.

## APPLICABLE LAW

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976). Where different inferences can be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981).

## ANALYSIS AND RULING

1. *Defendants' Motion*

A. Effect of Prior Relief

■ Defendants contend that summary judgment should be granted in their favor as to the claims of Haphey and Bondietti under section 1983 because Haphey and Bondietti obtained the primary relief to which they were entitled in the state administrative proceeding before the ERB and are thus barred from proceeding with their federal civil rights claim. Defendants argue that Haphey and Bondietti may not split their causes of action by seeking additional relief in federal court.

Haphey and Bondietti contend that they have not split their causes of action because they could not litigate their claims under the first amendment before the ERB, and because there was no state court review of the decision of the ERB. Haphey and Bondietti argue that their claims

1. O.R.S. 243.672(1)(a) provides that it is an unfair labor practice for a public employer to "[i]nterfere with, restrain or coerce employes in or because of the exercise of rights guaranteed in ORS 243.662." O.R.S. 243.672(1)(b) provides that it is an unfair labor practice for a public employer to "[d]ominate, interfere with or assist in the formation, existence or administration of any employe organization." O.R.S. 243.-672(1)(c) provides that it is an unfair labor practice for a public employer to "[d]iscriminate in regard to hiring ... for the purpose of encouraging or discouraging membership in an employe organization."

O.R.S. 243.662 provides that "[p]ublic employes have the right to form, join and participate in the activities of labor organizations."

are not barred under the doctrine of res judicata.

The defendants rely on two recent Ninth Circuit decisions which denied further relief under section 1983 where some but not all of the requested relief had already been granted by a state court or administrative agency. In *Punton v. City of Seattle*, 805 F.2d 1378 (9th Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987), the plaintiff was dismissed from his job as a police officer in the Seattle Police Department on the grounds of misconduct. Punton pursued administrative remedies with the Public Safety Civil Service Commission, seeking reinstatement. The Commission upheld his dismissal, but upon review by the state superior court, the court held that Punton had been dismissed without due process and ordered his reinstatement with back pay. The Washington Court of Appeals upheld the superior court's decision but reversed its award of attorney fees.

While awaiting the decision of the Washington Court of Appeals, Punton filed a civil rights action in federal court seeking damages for emotional distress and attorney fees. The City of Seattle moved for summary judgment contending that the state court decision barred the federal court action under the doctrine of res judicata. Punton also moved for summary judgment arguing that the City was collaterally estopped from relitigating the issues as to liability. The federal court denied the City's motion and granted Punton's motion.

On appeal, the Ninth Circuit reversed. The Ninth Circuit agreed with Punton that the exhaustion of state remedies is not required before a litigant can bring an action under section 1983, but noted that it did not necessarily follow that Punton had a viable claim under section 1983 after he was reinstated to his job with back pay through the state court action. The court held that by electing to proceed initially within the state system, Punton had split his cause of action and had made an election of remedies. 805 F.2d at 1381.

The court stated that Punton could have proceeded directly in federal court with a claim under section 1983 for reinstatement, back pay and general damages, but that he first chose to seek the relief of reinstatement and back pay in the state administrative system. The court rejected Punton's argument that he should be able to proceed with his claim under section 1983 in federal court because it was not possible for him to assert such a claim in the administrative proceeding. 805 F.2d at 1382. The court also rejected Punton's argument that he could not recover all of the relief in the state proceeding that was available in his claim under section 1983. *Id.* at 1383.

The defendants also rely on *Clark v. Yosemite Community College Dist.*, 785 F.2d 781 (9th Cir.1986). In *Clark*, an instructor at Modesto Junior College was the subject of complaints regarding sexual harassment and discrimination. Clark filed a petition for a writ of mandate in a California trial court alleging that the College had interfered with his teaching duties, denied him a hearing on charges that had been made against him, and placed defamatory documents in his personnel file, all in retaliation for his criticism of the College's administration.

The trial court held a hearing at which Clark called witnesses and submitted numerous exhibits. The trial judge granted a writ of mandate ordering the removal of documents relating to the sexual harassment charges from Clark's personnel files on the ground that Clark had not been notified of his right to respond to the material as required by state statute. Clark subsequently brought an action in federal court under 42 U.S.C. §§ 1983, 1985 and 1986 alleging that the behavior of the defendants as described above deprived him of his rights under the First, Sixth and Fourteenth Amendments to the United States Constitution.

The Ninth Circuit held that most of Clark's federal action should be dismissed because the allegations made before the state court substantially overlapped those

made in his claim under section 1983.[2] The court held that although Clark did not raise a claim under section 1983 in the state proceeding, the doctrine of res judicata applied not only to those claims actually litigated in the first action but also to those which might have been litigated as a part of that action. 785 F.2d at 786.

The court held that although the state court did not have jurisdiction to determine one of Clark's claims regarding his reassignment to teach different classes, Clark was barred from raising that cause of action again. The court applied the rule against splitting a cause of action "which parallels the doctrine of res judicata" to hold that "[o]nce the plaintiff has brought a lawsuit in one court which can enforce only part of a cause of action, and recovers judgment, he cannot insist upon maintaining a subsequent lawsuit for the other part of his cause of action." 785 F.2d at 787.

Haphey and Bondietti argue that *Punton* and *Clark* are distinguishable because unlike the plaintiffs in *Punton* and *Clark*, they did not have an opportunity to raise their constitutional claims before the ERB. However, the *Punton* court rejected a similar argument, holding that even though Punton might not have been able to join all elements of his claim in the state court proceeding, he was limited to the remedies that he elected to pursue in the state system. The court stated:

> It does appear, however, that Punton decided at some point, while waiting for further proceedings in the state courts, to seek more lucrative relief in federal court. We have found no Supreme Court case holding that merely because litigation strategy and the perceived advantages of a more adequate award in federal court make it an attractive alternative, a person aggrieved by official state action can abandon a remedy that colorably satisfies due process of law in the state court after recovering substantially what he has lost.

805 F.2d at 1382–83. The court noted that Punton could have proceeded directly in federal court with a claim for all the relief he sought, reinstatement, back pay and general damages. *Id.* at 1381.

There is nothing in either *Punton* or *Clark* to indicate that a plaintiff may bring a second action in federal court based on the same facts but a different legal theory than that asserted in the state court. Rather, the Ninth Circuit stated in *Clark* that the rule against splitting a cause of action applies "where the first suit is brought in a court which has no jurisdiction to give a judgment as to one part of the plaintiff's cause of action." 785 F.2d at 787. Once the plaintiff has brought a lawsuit in such a court of limited jurisdiction, he cannot maintain a subsequent lawsuit for the other part of his cause of action. *Id.*

Haphey and Bondietti also contend that this case is distinguishable from *Punton* and *Clark* because an unreviewed administrative decision is not entitled to res judicata effect under Oregon law. Haphey and Bondietti cite *Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919 (1982), in support of this argument. However, *Rennie* does not discuss the res judicata effect of administrative determinations. The *Rennie* court held only that Rennie's attempt to bring an action in state court was barred by the doctrine of res judicata because he had previously litigated a claim based on the same facts in federal court. The court noted that Rennie could have attempted to join his state law claim in the federal court action. 294 Or. at 327, 656 P.2d 919.

Furthermore, the *Punton* and *Clark* decisions discuss the rule against claim splitting as a doctrine which is separate from the doctrine of res judicata. The *Punton* decision makes it clear that the rule against claim splitting applies even if the plaintiff could not have joined all claims in the administrative proceeding, as long as there was some forum available where he could have done so. 805 F.2d 1381.

Haphey and Bondietti rely on decisions from other circuits which hold that a plaintiff may seek additional relief under section

---

**2.** Clark's complaint also alleged that the defendants' conduct after the date of the state court judgment had caused him further injury. The Ninth Circuit held that this portion of Clark's claim was not barred because it arose after the state action was concluded.

1983 after obtaining administrative relief in a state action. *See, e.g., Frazier v. King*, 873 F.2d 820 (5th Cir.1989); *Healy v. Town of Pembroke Park*, 831 F.2d 989 (11th Cir. 1987). However, these decisions are in conflict with the decisions of the Ninth Circuit in *Punton* and *Clark*. Whenever there is a difference of opinion among the various circuits, this court must follow the decisions of the Ninth Circuit.

### B. Contract Claim

Defendants move to dismiss Haphey and Bondietti's contract claims under state law, arguing that since the federal civil rights claim is legally insufficient, the court should not retain jurisdiction over the pendant state law claims. Defendants further contend that as to the merits of the contract claim, the undisputed facts establish that there was no contract and that defendants are entitled to judgment as a matter of law.

Where the federal claims which create subject matter jurisdiction are dismissed from a case, the court has the discretion to determine whether to exercise pendent jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since this case has not significantly advanced toward trial, the court declines to retain jurisdiction over the pendent claim for breach of contract. Therefore, the court does not reach the arguments regarding the merits of the contract claim.

### 2. *Plaintiffs' Motion*

Haphey and Bondietti move for partial summary judgment on the issue of the defendants' liability under section 1983. Haphey and Bondietti contend that under the doctrine of collateral estoppel, the defendants are barred from relitigating essential facts determined in the ERB proceeding. Haphey and Bondietti argue that the ERB proceeding would be given collateral estoppel effect under the laws of the State of Oregon.

In light of the court's ruling on the defendants' motion for summary judgment, the motion for partial summary judgment of Haphey and Bondietti is rendered moot.

### CONCLUSION

Defendants' motion for summary judgment (# 13) is granted, and plaintiffs' motion for partial summary judgment (# 23) is deemed moot.