**Nathaniel E. RYAN, Plaintiff–Appellant,**

v.

**CITY OF SHAWNEE, an Oklahoma municipal corporation, Defendant–Appellee,**

**Equal Employment Opportunity Commission, Amicus Curiae.**

No. 92–6414.

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1993.

Steven M. Angel of Oklahoma City, OK, for plaintiff-appellant.

Paula R. Bruner (Donald R. Livingston, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Carolyn L. Wheeler, Asst. Gen. Counsel, and Paul Bogas, Atty., on the brief), E.E.O.C., Washington, DC, for amicus curiae.

John F. Percival of Cooper & Zorn, Oklahoma City, OK, for defendant-appellee.

Before LOGAN, SETH, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Nathaniel Ryan, a black firefighter employed by the City of Shawnee, Oklahoma, brought this action under 42 U.S.C. §§ 1981, 1983, and 2000e–5 (Title VII) alleging illegal race discrimination. Mr. Ryan asserts that during his employment with the City he was subjected to racial slurs and jokes, disciplined more harshly than white employees, subjected to discriminatory promotion practices, and eventually discharged because of his race. He seeks compensatory and punitive damages and injunctive relief. The district court granted the City's motion for summary judgment, holding without analysis or citation of authority that Mr. Ryan could not recover consequential damages because his discharge had been the subject of a prior arbitration proceeding. Mr. Ryan appeals and we reverse.

I.

Mr. Ryan was employed for eleven years as the City's first and only black firefighter. After his discharge, he filed a union grievance alleging that he was fired on the basis of race, and that he had been the victim of discriminatory discipline, working conditions, and promotion practices. The firefighter's union took the matter to arbitration as provided in the collective bargaining agreement between the union and the City. In that proceeding, the union asserted only that Mr. Ryan's termination was discriminatory and a denial of procedural due process. The union did not pursue the issues of harassment, discipline, and promotions. The arbitrator determined that the collective bargaining agreement imposed procedural due process requirements on the City, and that Mr. Ryan's termination violated the agreement because the City had failed to afford him the requisite procedures. The arbitrator expressly declined to rule on the merits of the grievance, and ordered Mr. Ryan reinstated with backpay.

Mr. Ryan then filed this action in federal district court, and the City brought a state court action challenging the arbitration award. After the state court affirmed the award, the federal district court granted the City's summary judgment motion, stating

that "the issue as to consequential damages is one for disposition under the collective bargaining agreement, and that process is over." Aplt.App. at 11.

## II.

In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Supreme Court held that a plaintiff does not waive the right to a trial de novo on a Title VII claim by first pursuing a grievance and arbitration under a collective bargaining agreement's nondiscrimination clause. In *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), the Court relied on *Gardner–Denver* to hold that "in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel effect to an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." *Id.* at 292, 104 S.Ct. at 1804. These decisions are grounded on the Supreme Court's conclusion that "arbitration could not provide an adequate substitute for judicial proceedings in adjudicating claims under those statutes." *Id.* at 289, 104 S.Ct. at 1802. The Court supported this conclusion with several observations. First, it pointed out that because an arbitrator's expertise pertains to the law of the shop rather than the law of the land, the arbitrator may not have "the expertise required to resolve the complex legal issues presented by the civil rights statutes." *Id.* at 290, 104 S.Ct. at 1803. Second, because an arbitrator is authorized only to interpret the collective bargaining agreement, he has no authority to enforce the civil rights laws should the rights protected by those statutes conflict with the agreement. *Id.* at 290–91, 104 S.Ct. at 1803. Third, because the interests of the union and the individual employee are not always coextensive, and because the union usually has exclusive control over presentation of the grievance, the "employee's opportunity to be compensated for a constitutional deprivation might be lost merely because it was not in the union's interest to press his claim vigorously." *Id.* at 291, 104

S.Ct. at 1803. Finally, the Court observed that "arbitral factfinding is generally not equivalent to judicial factfinding." *Id.*[1]

The City concedes on appeal, as it must, that under the above authorities an arbitration award may not be given preclusive effect in a subsequent civil rights action. The City contends that those decisions do not control here because the arbitration awards there were not judicially reviewed, while in the instant case the award was challenged and affirmed in state court. While we agree that the cited cases are distinguishable, we nonetheless conclude that Mr. Ryan's federal claims are not barred under the applicable law.

■ Under the full faith and credit statute, federal courts must give the judicial proceedings of any state court the same preclusive effect that those judgments would be given by the courts of that state. *See* 28 U.S.C. § 1738 (1988). Because "[a]rbitration is not a 'judicial proceeding,' ... § 1738 does not apply to arbitration awards." *McDonald*, 466 U.S. at 288–89, 104 S.Ct. at 1802. However, where the arbitration award was challenged and reviewed in state court, as here, section 1738 requires that we ascertain and give the same effect to the state court judgment as the courts of Oklahoma would give a state court decision affirming an arbitration award. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 1332 (1985).

■ Under state law, review of an arbitration award is extremely narrow. The Oklahoma Supreme Court has described the limited nature of the scope of review as follows:

Once it is established that there is a collective bargaining agreement with an arbitration clause broad enough to include the dispute the role of this Court is strictly limited to determining whether the arbitrator exceeded his authority under the collective bargaining agreement. Affording great deference to the decision of the arbitrator, *we will not review the factual or legal findings of the arbitrator nor con-*

---

1. This court relied on the rationale of *Gardner–Denver* and *McDonald* to hold that an arbitration award does not bar a subsequent cause of action under section 1981. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1254–55 (10th Cir. 1988).

sider the merits of the award. "The fundamental purpose of arbitration is to preclude court intervention into the merits of disputes when arbitration has been provided for contractually." Hence, this Court may only consider whether the arbitrator's decision "draws its essence from the collective bargaining agreement."
*City of Yukon v. Firefighters Local 2055*, 792 P.2d 1176, 1179 (Okla.1990) (citations omitted) (emphasis added) (quoting *Voss v. City of Oklahoma*, 618 P.2d 925, 927 (Okla.1980)). We must therefore determine whether a state court decision rendered on the basis of such limited review would be given preclusive effect under Oklahoma law.

We have found no state court case specifically addressing what, if any, preclusive effect is afforded a judicial decision reviewing an arbitration award. The Supreme Court has pointed out that

> [w]ith respect to matters that were not decided in state proceedings, we note that claim preclusion generally does not apply where "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts...."

*Marrese*, 470 U.S. at 382, 105 S.Ct. at 1333 (quoting *Restatement (Second) of Judgments* § 26(1)(c) (1982)). The Court further observed that state preclusion law generally "includes this requirement of prior judicial competency." *Id.* Although the Oklahoma Supreme Court has apparently not addressed this requirement with respect to a decision reviewing an arbitration award, it has done so in an analogous context.

In *Wilson v. Kane*, 852 P.2d 717 (Okla. 1993), the state court considered whether a prior probate decree of distribution and the discharge of the estate's personal representative precluded a later action against the personal representative for mismanagement of nonprobate assets. The court described the limited nature of the remedies available in probate proceedings, and concluded that the mismanagement claim did not *"fit within*

probate's statutorily limited framework." *Id.* at 722. The court accordingly held that "[w]here, as here, the claim sought to be litigated lay dehors probate and could not have been accommodated by its restricted framework, res judicata effect may not be accorded to the earlier orders on probate." *Id.* In denying preclusive effect, the court noted that "[t]he general rule against splitting a cause of action recognizes an exception where, as here, 'formal barriers existed against full presentation of [the] claim in [the] first action.'" *Id.* at 720 n. 11 (quoting *Restatement (Second) of Judgments* § 26(1)(c) and comment c (1982)); *see also Johnson v. Southwestern Battery Co.*, 411 P.2d 526, 529 (Okla.1966) (per curiam) (res judicata and estoppel by judgment do not apply to issue that could not have been litigated in previous case because issue exceeded jurisdiction of court hearing earlier case).

In our view, the holding in *Wilson* clearly indicates that the Oklahoma courts would not give preclusive effect to a decision affirming an arbitration award under the circumstances here. The formal barriers to full presentation of the claim in the initial proceeding that the court held dispositive in *Wilson* are also present in the context of arbitration review. Because the reviewing court may not consider factual or legal findings or the merits of the arbitration award, the merits of a discrimination claim cannot be litigated in that judicial proceeding. "Generally, the concept of issue preclusion or collateral estoppel cannot apply when the party against whom the earlier decision is interposed did not have a 'full and fair opportunity' to litigate the critical issue in the earlier case." *Underside v. Lathrop*, 645 P.2d 514, 516 n. 6 (Okla.1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). The state judicial proceeding to review the arbitration award here did not and could not afford Mr. Ryan the required opportunity. That proceeding is therefore not entitled to preclusive effect under state law.[2]

---

**2.** Our conclusion that the state court review proceedings did not provide Mr. Ryan a full and fair opportunity to litigate the merits of his discrimi-

nation claim would prevent us from giving that proceeding preclusive effect even if the state courts would do so under state law. "The State

In arguing to the contrary, the City refuses to recognize the significance in this case of the limited scope of review given to arbitration awards under state law, and therefore cites cases that are not persuasive. The City's reliance on *Rider v. Commonwealth of Pennsylvania*, 850 F.2d 982 (3d Cir.), *cert. denied*, 488 U.S. 993, 109 S.Ct. 556, 102 L.Ed.2d 582 (1988), is misplaced because, as the Third Circuit itself later pointed out in *Jalil v. Advel Corp.*, 873 F.2d 701, 705–06 (3d Cir.1989), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990), the state court reviewing the arbitrator's award in *Rider* vacated the award and undertook its own analysis of the collective bargaining agreement. The federal court in *Rider* gave the state court decision preclusive effect because the state court necessarily reached and determined the merits of an issue dispositive of the subsequently asserted Title VII claim. The court in *Jalil* distinguished *Rider*, holding that the state courts would not give preclusive effect to Jalil's arbitration award due to the very narrow scope of review state law afforded it. *Id.* at 706.

We likewise do not find persuasive *Caldeira v. County of Kauai*, 866 F.2d 1175 (9th Cir.), *cert. denied*, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). Although the court there did not set out the scope of review provided by state law to the arbitration award at issue, the court did say that in affirming the award the state court "necessarily determined" the merits of the claim raised in arbitration. *Id.* at 1179. *Caldeira* is thus distinguishable from the instant case because Oklahoma law precludes a state court from considering the merits of the award reviewed. Indeed, those cases considering state proceedings in which the merits of an arbitration award could not be reviewed have held that those decisions are not entitled to preclusive effect under state law. *See*

*Kirk v. Board of Educ.*, 811 F.2d 347, 354 (7th Cir.1987); *Bottini v. Sadore Management Corp.*, 764 F.2d 116, 120–21 (2d Cir. 1985).

Finally, we address the City's citation to *Punton v. City of Seattle*, 805 F.2d 1378 (9th Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987), and *Campbell v. City of Allen Park*, 829 F.2d 576 (6th Cir.1987). *Punton* was apparently grounded on the doctrine of election of remedies, a doctrine the Supreme Court has held inapplicable in the present context. *See, e.g., Gardner–Denver*, 415 U.S. at 49–50 & n. 11, 94 S.Ct. at 1020–21 & n. 11. Significantly, the Ninth Circuit subsequently overruled *Punton* to the extent it rested on election of remedies doctrine. *See Haphey v. Linn County*, 953 F.2d 549, 551 (9th Cir.1992) (en banc). *Campbell* relied on *Punton* to hold that the plaintiff's federal constitutional claim for additional monetary damages was foreclosed by her prior state court proceeding. *Campbell*, 829 F.2d at 579–80. Although the City recognizes that *Punton* is no longer good law on the availability of election remedies, it nonetheless makes what is in essence an election of remedies argument that is of course unavailing.

### III.

■ The City argues alternatively that Mr. Ryan has no cause of action for racial harassment under section 1981, citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Although *Patterson* has been effectively reversed by the enactment of the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071, the City urges us to hold that the 1991 Act is not to be given retroactive application. We need not address this question, however, because Mr. Ryan may recover for racial

---

must ... satisfy the applicable requirements of the Due Process Clause. A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982) (footnote omitted); *see also Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)

("[C]ollateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case"); *Scroggins v. State of Kansas*, 802 F.2d 1289, 1291 (10th Cir.1986) (section 1983 suit not barred by prior state court action if state court did not provide full and fair opportunity to litigate claim or if state court had no authority to adjudicate the merits).

harassment against the City under section 1983.[3] *See, e.g., Starrett v. Wadley,* 876 F.2d 808, 814 (10th Cir.1989) (harassment violative of Fourteenth Amendment right to equal protection actionable under section 1983).

■ The City also contends that Mr. Ryan's Title VII claim is moot because he received reinstatement and backpay under the arbitration award. As the EEOC as amicus points out, however, should Mr. Ryan prove that he was the victim of discriminatory promotion practices, he would be entitled under Title VII to recover compensation for the difference between his actual pay and what his pay would have been if he had not been denied promotions on the basis of race. *See Salone v. United States,* 645 F.2d 875 (10th Cir.), *cert. denied,* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981).

Finally, we turn to the issue of attorney's fees. Mr. Ryan originally sought to recover the fees expended in the arbitration proceedings as well as in the instant action. The district court ruled that fees incurred in connection with the arbitration were not recoverable. The court also denied fees in the instant action based on its erroneous conclusion that Mr. Ryan's federal claims were precluded and that he was therefore not a prevailing party. Mr. Ryan challenges these rulings in the alternative on appeal, asking that should we reverse and remand the case for further proceedings, we remand the issue of attorneys fees as well for redetermination upon completion of the case. In view of our holding that the case must be remanded, we agree that review of the fee rulings now would be premature. Accordingly, we remand the issue of attorneys fees.

REVERSED and REMANDED for further proceedings.

---

**3.** The Supreme Court has under advisement the retroactivity of the Civil Rights Act of 1991. *See Landgraf v. USI Film Prods.,* 968 F.2d 427 (5th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Harvis v. Roadway Express, Inc.,* 973 F.2d 490 (6th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993) (No. 92–938). Should it be determined that retroactivity is appropriate, the district court on remand can address whether Mr. Ryan is entitled to any procedures or substantive remedies beyond those to which he is now entitled.