951 P.2d 468

**Hiroyoshi CHO and Ryuko Cho, Plaintiffs, Judgment Creditors–Appellees,**

**. v.**

**AMERICAN BONDING COMPANY, Defendant, Judgment Debtor– Appellant.**

No. 1 CA–CV 97–0004. .

Court of Appeals of Arizona, Division 1, Department E.

Sept. 18, 1997.

Review Denied Feb. 18, 1998.*

* McGregor, J., did not participate in the determination of this matter.

Hawaii. When appellees attempted to domesticate their judgment in Arizona, appellant moved to vacate it on the grounds that the confirmation of an arbitration award is not entitled to full faith and credit and the Hawaii judgment is invalid because it was entered during the time that all proceedings against appellant were stayed by the Arizona receivership court.

We hold that the judgment obtained in Hawaii is entitled to full faith and credit in Arizona. We further conclude that the judgment is not invalid.

## FACTS AND PROCEDURAL HISTORY

Earl T. Yonemura dba E.T. Yonemura General Building Contractor, Ltd. (Yonemura) contracted to build a house for Hiroyoshi Cho and Ryuko Cho in Honolulu. American Bonding Company (ABC) was the surety for Yonemura. Problems arose during construction, and in August 1993, the Chos filed a demand for arbitration in Hawaii with the American Arbitration Association (AAA).

Before an arbitration hearing was held, the Chos, Yonemura, and ABC mediated their dispute under the auspices of AAA. As a result of the mediation, in April 1994, the parties entered into a settlement agreement under which Yonemura and ABC agreed to certain terms and conditions concerning completion of the Chos' residence.

In September 1994, the Chos filed a demand for arbitration, alleging that Yonemura and ABC had breached the settlement agreement. The Chos, Yonemura, and ABC appeared at an arbitration hearing on November 18, 1994. Due to an illness suffered by Yonemura, the arbitration was suspended after one day and rescheduled for February 1995. However, the arbitration panel eventually continued the hearing when ABC took over construction of the residence and anticipated completing construction by March 1, 1995.

In the meantime, in early February, an order appointing a receiver to rehabilitate ABC was entered in the Maricopa County Superior Court (superior court). The order also granted a 120–day injunction, providing that:

Lee, Stegall & Katz, P.C. by Philip B. Whitaker, Phoenix, and Bays, Deaver, Hiatt, Lung & Rose by Harvey J. Lung, Honolulu, HI, for Plaintiffs, Judgment Creditors–Appellees.

Guttilla & Murphy, P.C. by Nicholas C. Guttilla and Victoria Gruver, Phoenix, for Defendant, Judgment Debtor–Appellant.

## OPINION

THOMPSON, Presiding Judge.

Appellees obtained a judgment in Hawaii that resulted from the confirmation of an arbitration award concerning the breach of a construction contract. Appellant, which is the contractor's surety, was in receivership in Arizona when the judgment was entered in

[E]xcept by leave of this Court, during the pendency of the Receivership order herein, the Defendant and all customers, principals, investors, creditors, stockholders, lessors, and other persons except for the Receiver, seeking to establish or enforce any claim, right or interest against or on behalf of ABC, and all others acting for or on behalf of such persons including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies and their respective attorneys, servants, agents, employees, be and hereby are enjoined from:

1. Commencing, prosecuting, continuing or enforcing any claim, suit or proceeding against ABC or against any of its assets for a period of one-hundred twenty days (120) from the entry of this Order....

The arbitration was continued to July 3, 1995. On May 31, the superior court continued the injunction and stay indefinitely. ABC submitted to the arbitrators a motion to stay arbitration, and the Chos opposed the motion. Based on two recent rulings of the First Circuit Court of Hawaii (circuit court), the arbitrators denied the motion, reasoning that (1) the Arizona court did not have jurisdiction over the parties, therefore, granting the motion to stay was not a matter of full faith and credit but rather one of comity which could be refused, (2) no judgment had been entered against ABC, and (3) any request for a stay must be brought by the receiver rather than ABC.

The arbitration hearing proceeded as scheduled on July 3—8. Yonemura was represented by counsel at the hearing, but ABC was neither present nor represented at the hearing. The arbitrators issued a partial final decision and award on September 1, 1995. The award was in favor of the Chos and against Yonemura and ABC, jointly and severally, in the amount of $550,193. The award was served on ABC.

The Chos filed a motion to confirm and enter judgment upon the arbitrator's decision and award in the circuit court. Yonemura moved the court to vacate the decision and award; ABC joined in the motion. Yonemura argued that the arbitration panel exceeded its powers, was guilty of misconduct, entered only a partial award, failed to grant Yonemura a full and fair hearing, and improperly rendered the award against an individual who was not a party to the construction contract. Neither Yonemura nor ABC argued that the arbitrators had erred in denying ABC's motion to stay the arbitration pending the receivership.

The circuit court denied the motion to vacate the arbitrators' decision and award and entered an order confirming the decision and award and entering judgment on it. Yonemura appealed from the judgment, but the Supreme Court of Hawaii dismissed the appeal on the ground that the notice of appeal was untimely. ABC did not appeal the judgment.

The Chos filed in the superior court an exemplification of the order confirming the arbitration award and entering judgment along with a notice of filing of the foreign judgment. The receiver of ABC filed a motion to vacate the Hawaii judgment or, alternatively, to stay enforcement of the judgment. The receiver argued that the Arizona court need not apply full faith and credit to the Hawaii judgment because the arbitration award and judgment were entered in violation of the Arizona court's injunction in the receivership proceeding. The judgment domestication proceeding was transferred to the superior court judge who was overseeing the receivership of ABC.

The superior court denied the motion to vacate the judgment, but stayed enforcement of the judgment pending further decision by the court in the receivership proceedings. The receiver for ABC timely appealed from the order denying the motion to vacate the judgment.

## DISCUSSION

### A. Full Faith and Credit

For its first issue on appeal, ABC argues that confirmation of an arbitration award is not a judicial proceeding entitled to full faith and credit. It contends that because the Hawaii court that reviewed the arbitration award was precluded by statute from exam-

ining the merits of the dispute, the judicial confirmation cannot have preclusive effect.

▮ The Full Faith and Credit Clause of the United States Constitution reads: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. The enabling statute, 28 U.S.C. § 1738, provides:

> Such ... records and judicial proceedings [of any State, Territory or Possession of the United States] ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Thus, in practice, the Full Faith and Credit Clause and the statute that implements it require a validly rendered judgment of the court of one state to be given the same validity and effect in every other state as it has in the state rendering it. *Morris v. Jones,* 329 U.S. 545, 547, 67 S.Ct. 451, 453–54, 91 L.Ed. 488 (1947); *Lofts v. Maricopa County Superior Court,* 140 Ariz. 407, 410, 682 P.2d 412, 415 (1984). This requirement is effectuated when a state recognizes a sister state's final judgment as binding and conclusive. *Fremont Indem. Co. v. Industrial Comm'n,* 144 Ariz. 339, 342, 697 P.2d 1089, 1092 (1985).

▮ In this appeal, we consider whether the trial court properly denied ABC's motion to vacate the Hawaii judgment, thus giving full faith and credit to a judgment that resulted from the confirmation of an arbitration award. An unreviewed arbitration is not a judicial proceeding and full faith and credit is not statutorily required as to a resultant award. *See McDonald v. City of West Branch, Mich.,* 466 U.S. 284, 288–89, 104 S.Ct. 1799, 1801–03, 80 L.Ed.2d 302 (1984); *Caldeira v. County of Kauai,* 866 F.2d 1175 (9th Cir.1989), *cert. denied,* 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). However, where an arbitration award is reviewed in

state court, the federal courts and courts of other states are required to give the same effect to the resulting state court judgment as it would have in the rendering state's own courts. *Caldeira,* 866 F.2d at 1178; *see also, Ryan v. City of Shawnee,* 13 F.3d 345, 347 (10th Cir.1993) (while other jurisdictions may generally give preclusive effect to a judgment confirming arbitration awards when such judgments are *res judicata* in the issuing jurisdiction, full faith and credit here denied to arbitration decision which merely addressed procedural due process matters without addressing substantive merits of firefighter's federal discrimination claims); *see generally Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985) (same preclusive effect of full faith and credit afforded to arbitrated Title VII claims given to arbitrated federal antitrust claims) (citing *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).

ABC argues that the Hawaii circuit court decision confirming the arbitration award does not have preclusive effect because the parties did not have an opportunity to deal with the merits of the dispute in the judicial confirmation proceedings. The court in *Caldeira* considered this argument, applying the state law and policies of Hawaii.

The *Caldeira* court went through a three-step analysis before determining, under Hawaii law, that the arbitration award in question should be given preclusive effect. 866 F.2d at 1179. That court found the issues and parties at arbitration were the same and it could not be "seriously contested that the state court's confirmation of the arbitrator's award was anything but a final judgment on the merits." *Id.* at 1179. It noted that under Hawaii statutes, confirmation of an arbitration decision constituted an entry of judgment which has the same force and effect as a judgment in an action. *Id.* (citing Haw.Rev.Stat. (H.R.S.) §§ 658–12 and 658–14).[1]

---

1. H.R.S. § 658–12 provides:
   Upon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry

of judgment. An appeal may be taken from such judgment as hereinafter set forth.
H.R.S. § 658–14 reads:
   The judgment entered in accordance with section 658–12 has the same force and effect,

In addition, the *Caldeira* court considered whether Caldeira had a "full and fair opportunity" to litigate his claim in the state proceedings. *Id.* at 1180. It found the minimal procedural requirements of due process were satisfied because Caldeira was represented by counsel during the two-day arbitration hearing and submitted documentary exhibits, called witnesses, and testified on his own behalf. *Id.* He also actively participated in the state court confirmation proceedings both in writing and at oral argument. *Id.* Thus, the *Caldeira* court held that the state court's confirmation of the arbitration award was entitled to full faith and credit and barred his civil rights action in federal court.

ABC points out that the federal district court in *Lum v. City and County of Honolulu,* 728 F.Supp. 1452 (D.Hawai'i 1989), declined to apply *Caldeira* for the reason that "the court in *Caldeira* apparently believed that the plaintiff was afforded some review of the merits of the arbitrator's decision," while Lum did not receive any judicial consideration of the merits of the arbitrator's decision. The *Lum* court pointed out that H.R.S. § 658–8 provided that the circuit court "shall" grant an order confirming an arbitration award when the prevailing party merely demonstrates that the award has not been vacated or modified pursuant to §§ 658–9 or 658–10. 728 F.Supp. at 1456. Neither of those sections permits the circuit court to review the merits of the arbitrator's decision; § 658–9 allows a party to move to vacate an award for reasons such as corruption, fraud, or undue means in the procurement of the award; evident partiality or corruption in the arbitrators; arbitrator misconduct by which the rights of the party were prejudiced; or the arbitrators exceeded their powers. *Id.* Section 658–10 allows the court to modify or correct an award where there is a miscalculation or mistaken description, the arbitrators awarded upon a matter not submitted to them, or the award is imperfect in a matter of form. *Id.*

in all respects as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered.

The *Lum* court noted that under these statutes, judicial reversal of an award was not permitted even if the arbitrator may have erred in applying the law, finding the facts, or entering an award that is contrary to the evidence. *Id.* Thus, it reasoned that because Lum had been unable to obtain any judicial review of the merits of the arbitration award, he was not precluded from litigating the merits of his Title VII claim in federal court. *Id.* at 1460–61. It also based its decision on the fact that the Supreme Court had consistently held that an arbitration proceeding is an inadequate forum for the resolution of statutory and constitutional rights. *Id.* at 1459.

We conclude that *Lum* and the other cases on which ABC relies—*Ryan v. Shawnee,* 13 F.3d 345 (10th Cir.1993); *Jalil v. Avdel Corp.,* 873 F.2d 701 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990); *Kirk v. Board of Educ. of Bremen Community High School Dist., No. 228, Cook County, Ill.,* 811 F.2d 347 (7th Cir.1987); and *Bottini v. Sadore Management Corp.,* 764 F.2d 116 (2d Cir.1985)—are not controlling on the instant facts. All of those cases involve Title VII claims and questions of whether arbitration under collective bargaining agreements could preclude an employee's federal discrimination claim. While the Supreme Court has ruled that arbitration as provided for by collective bargaining agreements is inadequate for resolving federal statutory and constitutional rights, it has not addressed whether full faith and credit should apply to contract claims fully and fairly litigated on the merits in a consensual arbitration. *See Lum,* 728 F.Supp. at 1459 (citing *McDonald,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 and *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)).

Courts may require judicial review of the merits of an arbitration award before allowing the judgment to preclude litigation of a statutory employment discrimination claim. *See Ryan,* 13 F.3d at 348.[2] The same pre-

2. But the arbitration in *Ryan* never reached the issue raised by Ryan's racial discrimination claim and so whether judicial review was limited or not, the judicial affirmation of the arbitrator's finding of procedural violations in Ryan's case

cautions are unnecessary in the context of a fully and fairly litigated construction contract dispute.

The *McDonald* Court noted the difference between arbitrations involving contract matters and those concerning alleged violations of statutory and constitutional rights when it commented:

> [A]lthough arbitration is well suited to resolving contractual disputes, our decisions in *Barrentine* [v. *Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)] and *Gardner–Denver* compel the conclusion that it cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard.

466 U.S. at 290, 104 S.Ct. at 1803.[3] Thus, the Supreme Court indicated that arbitration of commercial contract disputes is an adequate substitute for a judicial proceeding on the merits, and is entitled to full faith and credit.[4]

■ Furthermore, Hawaii state courts have consistently expressed strong support for resolution of commercial disputes by arbitration; they note that the proclaimed public policy is to encourage arbitration as a means of settling differences without litigation. *See, e.g., Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 705 P.2d 28, 35 (1985) (arbitration under construction contract); *Gadd v. Kelley,* 66 Haw. 431, 667 P.2d 251, 255 (1983) (arbitration of lease dispute). Given this philosophy and the Hawaii statutory scheme that makes the confirmation of an arbitration award an enforceable judgment, we find no indication that the judgment against Yonemura and ABC would not be enforced in Hawaii.

As noted above, the application of the Full Faith and Credit Clause requires that a judgment of a Hawaii court be given the same validity and effect in Arizona as it would have in Hawaii. We believe the judgment at issue would be enforced in Hawaii.

Accordingly, following *Caldeira,* we conclude that the Hawaii judgment against Yonemura and ABC is entitled to full faith and credit in Arizona. ABC appeared at the arbitration proceeding in November 1994. Although ABC did not appear for the arbitration proceeding on July 3—8, Yonemura did appear and was represented by counsel. The contract in dispute was with Yonemura, and he was in the best position to defend his work under the contract. Further, ABC has not alleged that its rights were not adequately protected by Yonemura in the arbitration proceedings.

The two arbitrators produced an eleven-page decision and award that contains extensive findings and conclusions. Yonemura moved to vacate the arbitration award, raising eight statutory grounds, and ABC joined in the motion. Yonemura also filed a memorandum in opposition to the Chos' motion to confirm the award. A hearing was held on both motions in the Hawaii circuit court at which both ABC and Yonemura appeared. In denying the motion to vacate the award, the court found in part that Yonemura was individually liable because he was a party to the settlement agreement, that the arbitration panel had not abused its discretion in denying a request for continuance, and that the panel decided all issues submitted to it in the arbitration proceeding and the parties

could not preclude Ryan's pursuit of his substantive discrimination claim. *See Matusik v. Arizona Public Serv. Co.,* 141 Ariz. 1, 3, 684 P.2d 882, 884 (App.1984) (prior judgment is conclusive only as to issues actually decided, or which could have been decided). "An arbitrator may not have the authority to enforce § 1983." *McDonald,* 466 U.S. at 290, 104 S.Ct. at 1803. Thus, the *Ryan* result is explainable solely by reference to the law of finality of judgments.

3. The Supreme Court noted that Congress intended § 1983 actions to be judicially enforced. *McDonald,* 466 U.S. at 290, 104 S.Ct. at 1803. Conversely, commercial disputes are subject to

arbitration only pursuant to the parties' agreement, which reflects an intent that such disputes be arbitrarily resolved. *See, e.g.,* Ariz.Rev.Stat. Ann. § 12–1501, *et seq.*

4. The Court also cited the fact that "the union has exclusive control" of an employee's grievance in the type of arbitration involved in *McDonald* as "an additional reason why arbitration is an inadequate substitute for judicial proceedings." 466 U.S. at 291, 104 S.Ct. at 1803. In a commercial setting, as here, the parties themselves control how their claims are presented in arbitration.

had an opportunity to present evidence, briefing and argument. Yonemura filed an untimely appeal from the award confirmation and judgment, and ABC did not appeal.

ABC had a full and fair opportunity to defend against the Chos' claims. Under Hawaii law, the state court's confirmation of the arbitrator's award constituted a final judgment on the merits. *See Caldeira*, 866 F.2d at 1179. Therefore, the Hawaii judgment against Yonemura and ABC is entitled to full faith and credit in Arizona, and we accordingly affirm the trial court's denial of ABC's motion to vacate the judgment.

## B. Effect of Violation of Injunction

For its second issue, in what appears to be an alternative argument, ABC argues that if the Hawaii judgment is not entitled to full faith and credit in Arizona, the trial court erred in refusing to vacate the judgment because it was obtained in violation of an Arizona receivership court order enjoining the pursuit of claims against ABC. As this issue is posed, we need not consider it because we have held that the judgment is entitled to full faith and credit in Arizona. However, because ABC's argument also goes to the validity of the judgment, we address it.

A foreign judgment may be attacked if the rendering court lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process or was the result of extrinsic fraud, or the judgment was invalid or unenforceable. *Pioneer Fed. Sav. Bank v. Driver*, 166 Ariz. 585, 588, 804 P.2d 118, 121 (App.1990). ABC seems to be arguing that the judgment is invalid or unenforceable because it was entered in violation of the receivership court injunction.

This situation is addressed in *Morris v. Jones*, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). There, Chicago Lloyds, an unincorporated association, was authorized to transact an insurance business in Illinois, and it qualified to do business in Missouri. Morris sued Chicago Lloyds in Missouri for malicious prosecution and false arrest. Before judgment was obtained in Missouri, Chicago Lloyds went into liquidation in Illinois, and the Illinois court issued an order staying suits against it. Morris had notice of the stay but continued to prosecute his action in Missouri; Chicago Lloyds withdrew from the suit and did not defend it. Morris received a judgment in Missouri and filed an exemplified copy of it as proof of his claim in the Illinois proceedings. The Illinois court disallowed the claim even though Morris contended that its allowance was required by the Full Faith and Credit Clause.

In considering the case, the United States Supreme Court noted that proof and allowance of claims were distinct from distribution because they did not deal directly with any property. *Morris*, 329 U.S. at 549, 67 S.Ct. at 455. The Court explained, "[t]he establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve a determination of what priority the claim should have." *Id.* The *Morris* Court further noted that the obligation to receive a judgment in evidence in the liquidation proceedings was no more derogatory than the obligation to receive in evidence a promissory note or other admissible evidence of debt. *Id.* at 550, 67 S.Ct. at 455.

Considering the argument that Morris would not have been able to pursue his action in Illinois once the stay had been entered, the Court stated that "[t]he full faith and credit to which a judgment is entitled is the credit which it has in the State from which it is taken, not the credit that under other circumstances and conditions it might have had." *Morris*, 329 U.S. at 551, 67 S.Ct. at 456. Accordingly, the Court concluded that the Missouri judgment was final and conclusive in all courts under the Full Faith and Credit Clause and thus that the nature and amount of Morris' claim could not be challenged or retried in the Illinois proceedings. *Id.* at 552, 67 S.Ct. at 456–57. Responding to the argument that the Illinois stay order should have been given full faith and credit by the Missouri court, the Court noted that the place to raise that defense was in the Missouri proceedings. *Id.*

Although the issue addressed in *Morris* has not been directly decided in Arizona, this

**600**

court has noted that "when a creditor's suit is pending in another state at the time the debtor's receiver is appointed, that suit may still be prosecuted to judgment, and a judgment so obtained will establish the rightful amount of the receivership demand." *Academy Life Ins. Co. v. Odiorne*, 165 Ariz. 188, 192, 797 P.2d 727, 731 (App.1990) (citing Fletcher Cyc. Corp. § 7800 (1989)).

■ In light of *Morris*, we conclude that the continuation of the arbitration and confirmation proceedings against Yonemura and ABC in Hawaii after the issuance of the injunction and stay order in Arizona did not render the resulting judgment invalid. The purpose of the Hawaii proceedings was to establish the Chos' breach of contract claim against Yonemura and determine the amount of their damages. This judgment could then be used to establish the amount of the Chos' demand in the receivership proceedings. The place to raise the defense of the injunction and stay was in Hawaii; although ABC raised the issue before the arbitrators, it did not challenge their decision in the court confirmation proceedings.[5] Thus, under *Morris*, ABC may not challenge in Arizona the validi-

ty of the Hawaii judgment on the basis of the violation of the stay order.

In summary, we conclude that the superior court did not err in denying ABC's motion to vacate the Hawaii judgment.

### C. Attorneys' Fees Request

■ The Chos request an award of attorneys' fees incurred in this appeal pursuant to A.R.S. § 12–1514. This statute allows the court to award costs and disbursements incurred in seeking the confirmation, modification, or correction of an arbitration award, judgment or decree. It does not apply here because this appeal involves domestication of a foreign judgment that resulted from an arbitration award rather than confirmation of the award. Therefore, we deny the fee request.

PATTERSON and NOYES, JJ., concur.

---

5. In the motion to vacate filed in the confirmation proceedings, Yonemura, joined by ABC, charged that the arbitrators violated H.R.S. § 658–9(3) by failing to postpone the hearings despite good cause. They argued that, "[i]n the meantime, [ABC] was placed in receivership. [ABC] requested a postponement until certain receivership issues were resolved. The Panel denied ABC's request.... As a result, ABC was without funds to pay counsel and ABC was unrepresented at the hearing." In our view, this argument does not constitute an argument that the Arizona court's injunction and stay order prevented the arbitration proceeding from continuing.