# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PHILIP D. BURGESS and LINDA L. BURGESS, husband and wife, | ) ) ) | No. 71318-3-I |
| | ) | DIVISION ONE |
| Respondents, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| MICHAEL CROSSAN and ROWENA CROSSAN, d/b/a LAKE WASHINGTON BOAT CENTER, | ) ) ) ) | |
| Defendants, | ) ) | |
| ROWENA CROSSAN, | ) ) | |
| Appellant. | ) ) | FILED: July 27, 2015 |
| | ) | |

LEACH, J. — Rowena Crossan appeals the trial court's decision forfeiting a commercial lease and authorizing a writ of restitution. Rowena Crossan and Michael Crossan operated Lake Washington Boat Center on property they leased from Philip Burgess and Linda Burgess. Mr. Crossan committed numerous acts of nuisance on the property against another tenant who rented adjoining property from the Burgesses. Ms. Crossan claims that because she did not witness or have knowledge of these acts, the trial court should not have forfeited her interest in the lease and should have restored possession of the property to her. Because the record shows that the Crossans acquired their leasehold interest as community property, the trial court properly held Ms.

Crossan liable for her husband's acts. Because a tenant does not have the right to cure an unlawful detainer based on nuisance, the trial court properly forfeited the Crossans' leasehold interest and denied Ms. Crossan's request for restoration of possession of the leased property. Finally, we award costs and attorney fees to the Burgesses as the substantially prevailing party on appeal.

## FACTS

On February 28, 2011, Michael and Rowena Crossan, a married couple, leased a part of commercial space owned by Philip and Linda Burgess. The preamble to the lease states,

> THIS LEASE made this 28th day of February, 2011, by and between PHILIP D. BURGESS and LINDA L. BURGESS, husband and wife, ("Lessor") and MICHAEL CROSSAN and ROWENA CROSSAN, d/b/a LAKE WASHINGTON BOAT CENTER, ("Lessee"). Landlord and Tenant agree as follows."

The signature block for the lease provides,

LESSEE:                                    LESSOR:

By_____        _____
   MICHAEL CROSSAN, Individually        PHILIP D. BURGESS

By_____        _____
   ROWENA CROSSAN, Individually        LINDA L. BURGESS

LAKE WASHINGTON BOAT CENTER

By_____
   MICHAEL CROSSAN

Crossans operated a business named Lake Washington Boat Center at the leased property. Nuno Soares operates Del Toro Auto Sales on an adjoining part of the property, which he leases from the Burgesses.

From 2012 to 2013, Mr. Crossan committed numerous acts of nuisance on the property. He parked his trucks in a way that blocked Del Toro's access to its vehicles. He once blocked a common driveway used by Del Toro and placed a heavy object behind the obstructing vehicles to prevent towing. On several occasions he prevented Del Toro employees from working on cars by blocking the work bay entrance with his personal truck and parked boats that obstructed an area used for access. Mr. Crossan vandalized Del Toro display flags, breaking them and dragging them across the cars. He rammed into two parked Del Toro Auto Sales vehicles, causing $1,500 in damage to each vehicle.

He verbally harassed Del Toro employees, causing two of them to quit. On several occasions he went into the Del Toro showroom, in the presence of customers, and told everyone it was his space and that all employees were out of a job. He damaged Del Toro's security system and pressure hose. Finally, when Mr. Soares questioned his actions, Mr. Crossan spat in Mr. Soares's face and lunged at him with hands outstretched toward his neck. As a result, police arrested Mr. Crossan.

Burgess filed this unlawful detainer action against the Crossans. After a two-day trial, the trial court concluded that Mr. Crossan maintained and Ms. Crossan permitted nuisance and found them guilty of unlawful detainer. The trial court denied Ms. Crossan's motion for reconsideration. It also denied her petition for relief from forfeiture of the lease. Ms. Crossan appeals.

## STANDARD OF REVIEW

An appellate court reviews challenges to factual findings for substantial evidence, reviewing the record for sufficient evidence to persuade a rational, fair-minded person of the fact's truth.[1] This court reviews questions of law de novo.[2] It reviews de novo issues of statutory interpretation.[3]

## ANALYSIS

Ms. Crossan raises two issues: (1) a claim that she has no responsibility for Mr. Crossan's conduct because she and Mr. Crossan leased the property individually as tenants in common and (2) a claim that the trial court lacked the authority to forfeit her leasehold because RCW 59.12.170 "contains no language authorizing forfeiture for nuisance or waste." We reject both claims.

---

[1] IBF, LLC v. Heuft, 141 Wn. App. 624, 638, 174 P.3d 95 (2007).
[2] Mountain Park Homeowners Ass'n v. Tydings, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).
[3] Agrilink Foods, Inc. v. Dep't of Revenue, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005).

The trial court found the Crossans guilty of unlawful detainer based on Mr. Crossan's acts of nuisance. Ms. Crossan challenges the trial court's factual finding that "[d]uring 2012 and 2013, there have been numerous instances involving the Premises and the Defendants' use of the Premises" because it implied Ms. Crossan's liability for her husband's actions. She also challenges the trial court's conclusion that she permitted her husband's nuisance. Ms. Crossan argues that the court should not have imposed on her legal consequences for her husband's conduct because she and her husband each owned a separate individual leasehold interest as tenants in common.

A landlord may initiate an unlawful detainer action against a tenant for nuisance under RCW 59.12.030. The unlawful detainer statutes provide an expedited method of resolving the right to possession of property.[4] Because the unlawful detainer statute derogates from common law, courts construe it strictly in favor of the tenant.[5]

RCW 59.12.030 defines "unlawful detainer" in pertinent part:

A tenant of real property for a term less than life is guilty of unlawful detainer . . . :

. . . .

(5) When he or she commits or permits waste upon the demised premises, or when he or she sets up or carries on thereon any unlawful business, or when he or she erects, suffers, permits,

---

[4] Christensen v. Ellsworth, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007); Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).
[5] Hous. Auth. v. Terry, 114 Wn.2d 558, 563, 789 P.2d 745 (1990).

or maintains on or about the premises any nuisance, and remains in possession after the service (in manner in RCW 59.12.040 provided) upon him or her of three days' notice to quit.

Ms. Crossan argues that she and Mr. Crossan signed the lease as cotenants and that the trial court "confused the ability of [Mr.] Crossan to bind his marital community and the rights of [Ms.] Crossan in her individual capacity." As a cotenant, she argues, she has no responsibility for Mr. Crossan's acts of nuisance.

However, "[i]nterests in common held in the names of both spouses or both domestic partners, whether or not in conjunction with others, are presumed to be their community property."[6] Additionally, with exceptions that do not apply here, property acquired after marriage is community property.[7] To overcome the presumption of community property status for an asset acquired during marriage, a party must present clear, cogent, and convincing evidence that the asset falls within a separate property exception.[8] How spouses are named in a document does not determine the separate or community character of the property and provides little evidence of its character.[9]

These rules and presumptions control this case because spouses owning property as tenants in common each own that spouse's interest as his or her

---

[6] RCW 64.28.020(2).
[7] RCW 26.16.030.
[8] In re Marriage of Chumbley, 150 Wn.2d 1, 5, 74 P.3d 129 (2003).
[9] In re Estate of Borghi, 167 Wn.2d 480, 488, 219 P.3d 932 (2009).

separate property.[10] But Ms. Crossan's briefing does not address them. Instead, she quotes Bay Industry, Inc. v. Jefferson County[11] to assert that married individuals own "an undivided one-half interest in the whole community real estate and the community does not own property as a separate entity." But that case holds that each spouse in a marital community owning community property is a freeholder for purposes of a statutory definition.[12] It does not even consider, much less decide, when married people hold property as tenants in common and thus does not support Ms. Crossan's position. Olver v. Fowler,[13] cited by Ms. Crossan for the proposition that spouses each own an undivided one-half interest in community property, does not address the pertinent issue either.

The record does not support Ms. Crossan's claim. Underneath the signature lines for Mr. and Ms. Crossan, the individual's typed name appears, followed by the word "Individually." But this circumstance cannot, without more, overcome the presumption by clear, cogent, and convincing evidence that the Crossans acquired their leasehold interest as community property. The record includes no other evidence to rebut the community property presumption. Thus, the Crossans owned the leasehold as community property. Ms. Crossan offers

---

[10] In re Estate of Salvini, 65 Wn.2d 442, 445, 397 P.2d 811 (1964).
[11] 33 Wn. App. 239, 241, 653 P.2d 1355 (1982).
[12] Bay Indus., 33 Wn. App. at 241.
[13] 161 Wn.2d 655, 670, 168 P.3d 348 (2007).

no reason why she would not be responsible for Mr. Crossan's acts under this circumstance.

Ms. Crossan next argues that the trial court exceeded its authority when it forfeited the Crossans' leasehold interest. She contends that the statute governing leasehold forfeiture, RCW 59.12.170, provides this remedy only for unlawful detainer based on nonpayment of rent or breach of a lease condition and does not authorize forfeiture for nuisance under RCW 59.12.030(5). But Ms. Crossan does not describe, and we cannot conceive, any scenario where restoration of possession to the landlord could logically occur without forfeiture.

RCW 59.12.170 provides in pertinent part, "[I]f the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of a lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of the lease, agreement, or tenancy."

An appellate court construes a statute to give meaning to legislative intent.[14] A court finds the plain meaning of statutory language by looking at the "the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole."[15] A reviewing court harmonizes statutory provisions and rules.[16]

---

[14] Christensen, 162 Wn.2d at 372-73.
[15] Christensen, 162 Wn.2d at 373.

The legislature designed unlawful detainer proceedings to summarily resolve issues of possession between a tenant and landlord.[17] RCW 59.12.030 describes seven wrongful acts constituting unlawful detainer:

A tenant of real property for a term less than life is guilty of unlawful detainer either:

(1) When he or she holds over or continues in possession, in person or by subtenant, of the property or any part thereof after the expiration of the term for which it is let to him or her. When real property is leased for a specified term or period by express or implied contract, whether written or oral, the tenancy shall be terminated without notice at the expiration of the specified term or period;

(2) When he or she, having leased property for an indefinite time with monthly or other periodic rent reserved, continues in possession thereof, in person or by subtenant, after the end of any such month or period, when the landlord, more than twenty days prior to the end of such month or period, has served notice (in manner in RCW 59.12.040 provided) requiring him or her to quit the premises at the expiration of such month or period;

(3) When he or she continues in possession in person or by subtenant after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner in RCW 59.12.040 provided) in behalf of the person entitled to the rent upon the person owing it, has remained uncomplied with for the period of three days after service thereof. The notice may be served at any time after the rent becomes due;

(4) When he or she continues in possession in person or by subtenant after a neglect or failure to keep or perform any other condition or covenant of the lease or agreement under which the property is held, including any covenant not to assign or sublet, than one for the payment of rent, and after notice in writing requiring in the alternative the performance of such condition or covenant or the surrender of the property, served (in manner in

---

[16] Christensen, 162 Wn.2d at 373.
[17] Terry, 114 Wn.2d at 563 (quoting Wilson v. Daniels, 31 Wn.2d 633, 643-44, 198 P.2d 496 (1948)).

RCW 59.12.040 provided) upon him or her, and if there is a subtenant in actual possession of the premises, also upon such subtenant, shall remain uncomplied with for ten days after service thereof. Within ten days after the service of such notice the tenant, or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in its continuance, may perform such condition or covenant and thereby save the lease from such forfeiture;

(5) When he or she commits or permits waste upon the demised premises, or when he or she sets up or carries on thereon any unlawful business, or when he or she erects, suffers, permits, or maintains on or about the premises any nuisance, and remains in possession after the service (in manner in RCW 59.12.040 provided) upon him or her of three days' notice to quit;

(6) A person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him or her in the manner provided in RCW 59.12.040. Such person may also be subject to the criminal provisions of chapter 9A.52 RCW; or

(7) When he or she commits or permits any gang-related activity at the premises as prohibited by RCW 59.18.130.

For items 1, 2, 5, 6, and 7, the tenant cannot cure the wrongful act. The statutory notice terminates the tenancy.[18] For items 3 and 4, the notice must provide the tenant an opportunity to cure the wrongful act. Because the statutory notice for these two items does not automatically terminate the tenancy, RCW 59.12.070 provides for forfeiture as a judgment provision when a landlord prevails on either of these grounds. A statutory forfeiture provision would be redundant for the other items because the statutory notice terminated the tenancy.

Our reading of chapter 59.12 RCW comports with legislative purpose and case law. A construction of RCW 59.12.170 that allowed a court to restore

---

[18] Owens v. Layton, 133 Wash. 346, 347, 233 P. 645 (1925).

possession of leased premises to the owner but maintained the tenant's leasehold in any fashion would complicate rather than simplify and expedite the unlawful detainer process. In Shepard v. Dye,[19] the court considered whether a predecessor statute to RCW 59.12.030(5) provided the landlord the remedy of forfeiture of its tenant's leasehold when a subtenant committed a nuisance. While the Shepard court did not address if forfeiture was an appropriate remedy for unlawful detainer, it treated a landlord's repossession of property and forfeiture of the tenant's leasehold as the same remedy. The court stated, "If, under the cases we have referred to, the act of the sublessee works a forfeiture the same as an act of the lessee, it then follows that the landlord's right to forfeit is properly exercised by giving notice under subdivision 5."[20] These words embrace the availability of the remedy of forfeiture when a tenant commits a nuisance.

For these reasons, the trial court properly forfeited the Crossans' leasehold, as well as their right to possess the leased property.

Ms. Crossan claims that the trial court erred when it denied her petition for relief from forfeiture under RCW 59.12.190. That statute allows a court to grant a tenant relief from forfeiture of the lease only if the tenant has paid rent due in full or fully performed conditions of the covenants stipulated. Ms. Crossan stated in

---

[19] 137 Wash. 180, 187-88, 242 P. 381 (1926).
[20] Shepard, 137 Wash. at 188.

-11-

her petition that she would not allow Mr. Crossan on the premises without the Burgesses' permission, that she would post a bond to ensure this, and that all rent due had been paid. However, as discussed above, RCW 59.12.030 only allows a tenant receiving a statutory notice to cure in two circumstances—when the tenant failed to pay rent or breached a lease condition or covenant.[21] In an unlawful detainer action based on nuisance, a tenant may not cure if found guilty for nuisance.[22] RCW 59.12.190 provides a parallel postjudgment remedy in the same two circumstances. The statute makes no reference to the other acts constituting unlawful detainer and provides no remedy when those acts provide the basis for a forfeiture.

Attorney Fees

The Burgesses request attorney fees. A court may award attorney fees to a substantially prevailing party "'only on the basis of a private agreement, a statute, or a recognized ground of equity.'"[23] The lease agreement between the parties provided in paragraph 24 that

> [i]n the event either party requires the services of an attorney in connection with . . . the restitution of said premises to Lessor and/or eviction of Lessee during said term or after the expiration thereof,

---

[21] 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 6.80, at 440-41 (2d ed. 2004).

[22] RCW 59.12.030(5); 17 STOEBUCK & WEAVER, at 440.

[23] Buck Mountain Owner's Ass'n v. Prestwich, 174 Wn. App. 702, 731, 308 P.3d 644 (2013) (quoting Equitable Life Leasing Corp. v. Cedarbrook, Inc., 52 Wn. App. 497, 506, 761 P.2d 77 (1988)); RAP 14; RAP 18.1.

the prevailing party will be entitled to a reasonable sum for attorney's fees and court costs.

Because the Burgesses are the substantially prevailing party, they may recover attorney fees and costs under RAP 18.1 and RAP 14.

## CONCLUSION

Because Mr. and Mrs. Crossan acquired their leasehold interest as community property, the evidence supports the trial court's conclusion that Ms. and Mr. Crossan were guilty of unlawful detainer. Because RCW 59.12.170 allows a court to forfeit the leasehold of a tenant guilty of an unlawful detainer based on nuisance and the remedy provided by RCW 59.12.190 is not available for this, the trial court properly denied Ms. Crossan's petition for relief from forfeiture of the lease.

We affirm and award attorney fees and costs to the Burgesses conditioned on their compliance with RAP 18.1 and RAP 14.

_Leach, J._

WE CONCUR:

_Trickey, J._          _Appelwick, J._

-13-